```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

UNITED STATES OF AMERICA

                                              16 Cr. 45 (RWS)
     - against -
                                                 OPINION

LUIS MEJIA,

                Defendant.

------------------------------------------X

A P P E A R A N C E S:

        Counsel for Plaintiff
        United States Attorney's Office
        Southern District of New York
        One St. Andrew's Plaza
        New York, NY 10007
        By:   Jason M. Swergold, Esq.
              Andrew C. Adams, Esq.
              Jane Kim, Esq.

        Counsel for Defendant
        Law Office of Patrick Jerome Brackley
        233 Broadway, Suite 2370
        New York, NY 10279
        By:   Patrick J. Brackley, Esq.
```

**Sweet, D.J.**

The government has moved *in limine*, seeking admission of evidence at the upcoming trial of Luis Mejia ("Mejia" or the "Defendant").

Mejia is charged with one count of conspiracy to distribute over five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1). See Indictment, ECF No. 16.

The Government seeks to (1) elicit testimony concerning the Defendant's post-arrest statements, and preclude the defense from eliciting certain of these statements; (2) elicit testimony and admit evidence concerning statements made by the defendant's co-conspirators, and preclude the defense from eliciting certain of these statements; (3) preclude the defense from eliciting testimony or referencing the Defendant's health or the health of his family members before the jury; and (4) preclude defense counsel from mentioning to the jury the consequences the Defendant would face if convicted. The defense has declined to oppose these motions. The Government's motions are granted as set forth below.

Post-arrest, the Defendant explained to law enforcement agents his and his co-conspirators' involvement in the shipment of narcotics from the Dominican Republic to New York, and he also made statements to law enforcement agents that he was sick and desperate for money. Defendant's co-conspirators also spoke with law enforcement agents regarding the drug shipment, and some of their statements also reference the Defendant's health and finances (e.g., "Did you know that the guy has cancer? . . . [H]e's tight on money").

The Government argues for exclusion of the statements by the Defendant and his co-conspirators regarding Defendant's health and financial situation as irrelevant because they have no bearing on the merits of the case, and their exclusion complies with the rule of completeness because they are not necessary to explain the rest of Defendant's post-arrest statements.

The statements Defendant made to law enforcement agents are admissible since a criminal defendant's own statements, including admissions, may generally be offered into evidence by the Government under Federal Rule of Evidence 801(d)(2)(A) when they are offered against the defendant. *See United States v. Blake*, No. 14 Cr. 98 (VM), 2016 WL 3919657, at

*2 (S.D.N.Y. July 14, 2016) ("[A] party's own statement, if offered against him, is not hearsay.") (quoting *United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982). However, "[w]hen the defendant offers his own statement simply to show that it was made, rather than to establish the truth of the matter asserted, the fact that the statement was made must be relevant to the issues in the lawsuit." *Marin*, 669 F.2d at 84. The Defendant's statements regarding his health and finances are plainly irrelevant to the merits of this case and provide no context to the admissible statements. Fed. R. Evid. 401-402; *cf. United States v. Levin*, No. 15 Cr. 101 (KBF), 2016 WL 299031, at *6 (S.D.N.Y. Jan. 25, 2016) (noting that character evidence "that has a high likelihood of inappropriately eliciting sympathy from the jury on a matter having no bearing on the merits is properly excludable").

The statements Defendant's co-conspirators made to law enforcement agents are admissible under Rule 801(d)(2)(E), Fed. R. Evid., as the Government has put forth       evidence that a conspiracy existed with the individuals and that their statements were made in furtherance of the conspiracy. *See also United States v. Padilla*, 203 F.3d 156, 161 (2d Cir. 2000). As addressed above, the statements regarding the Defendant's health and finances are irrelevant to the merits of this case

4

and provide no context to the admissible statements.

The Government also argues that the defense should be precluded from referencing or eliciting testimony about the Defendant's health or the health of his family members before the jury, and from mentioning the consequences the Defendant would face if convicted. Since Defendant's and his family's health, and the consequences Defendant faces, are irrelevant to the merits of this case, these motions are also granted. Even if this testimony were relevant, its presentation to the jury would be highly prejudicial while lacking any probative value. *See* Fed. R. Evid. 403.

The Government's motions *in limine* are therefore granted.

It is so ordered.

New York, NY
November 9, 2016

                                             ROBERT W. SWEET
                                                 U.S.D.J.