UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                        16-cr-45 (PKC)

          -against-                                     ORDER

LUIS MEJIA,

                         Defendant.
-------------------------------------------------------------x

CASTEL, U.S.D.J.

   Defendant Luis Mejia has filed a motion to reduce his sentence pursuant to 18

U.S.C. § 3582(c)(1)(A).  (Doc 96.)  On May 20, 2020, CJA counsel was appointed to assist

Mejia.  (Doc 98.)  Mejia is serving a sentence of principally 121 months imprisonment and is

incarcerated at the United States Penitentiary, Canaan, located in Canaan Township,

Pennsylvania.  He has served approximately 50 months of that term and has a projected release

date of June 12, 2025.

   Section 3582(c)(1)(A) of title 18 provides that "upon motion of the defendant

after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau

of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of

such a request by the warden of the defendant's facility, whichever is earlier," a court may

reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances

warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  The Court has broad discretion and

may consider all circumstances in combination or isolation.  See United States v. Brooker, 976

F.3d 228, 237–38 (2d Cir. 2020).  The Court must also consider the "factors set forth in section

3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A); see also United States

v. Roney, 2020 WL 6387844, at *1 (2d Cir. Nov. 2, 2020) ("Prior to reducing a defendant's term of imprisonment, however, a district court must consider the factors set forth in section 3553(a) to the extent they are applicable.") (summary order; quotation marks omitted).

Mejia submitted a request for a sentence reduction to the Bureau of Prisons on March 30, 2020. (Doc 96 at 4.) More than thirty days have passed since this date, and the government does not contest administrative exhaustion. (Doc 100 at 6.) Upon release, Mejia plans to live at home.

Mejia argues that his present health concerns put him at a heightened risk of a severe case of COVID-19. He is 57 years of age and asserts that he suffers from thyroid cancer, high blood pressure, asthma, a sleeping disorder, depression, and anxiety issues. His medical records confirm these diagnoses, although the Court notes that Mejia's thyroid cancer has been in remission since 2015, prior to the imposition of his sentence. (Doc 83 (Presentence Report ("PSR")) at ¶ 45; Doc 100 – Ex. A.) He also uses an inhaler. (PSR at ¶ 46.) Current CDC guidance states that adults with cancer, hypertension, or respiratory issues "might be at an increased risk for severe illness from COVID-19."[1]

The Court accepts that a person at liberty has greater control than an incarcerated person over his surroundings and can quarantine, practice social distancing and use personal protective equipment as he sees fit. Also, in the event that Mejia contracted the Covid-19 virus, he would have greater control over the course of his medical treatment if he were at liberty rather than incarcerated.

---

[1] See People with Certain Medical Conditions, Centers for Disease Control and Prevention (last updated Dec. 29, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

Mejia is housed at U.S.P. Cannan in Cannan Township, Pennsylvania.  The BOP Website currently reports that 16 inmates of approximately 1,121 in total have confirmed active cases, along with 2 staff members.[2]

Taking full account of Mejia's medical condition, the conditions at U.S.P. Cannan, and the section 3553(a) factors, the motion will be denied.

On November 17, 2016, Mejia was convicted after a five-day jury trial of conspiring to distribute and possessing with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846.  (Doc 69.)  As the PSR sets out, in December 2015, Mejia and his co-defendant attempted to ship approximately 90 kilograms of cocaine from the Dominican Republic to New York City, hidden within a shipment of cassava bread.  (PSR at ¶ 8.)  Customs and Border Patrol agents intercepted the shipment when it arrived in the Port of Palm Beach, Florida.  (Id.)  It was bound for a business in the Bronx, owned by Mejia's co-defendant.  (Id.)  Undercover agents reached out to Mejia and his co-defendant, and posing as drug traffickers, arranged delivery of the seized package in exchange for a cash payment.  (Id. at ¶ 12.)  Mejia picked up the money for the exchange and met with the agents.  (Id. at ¶ 14.)  In doing so, he admitted knowledge of the drugs within the bread shipment, and his co-defendant admitted that the Bronx business was established for the purpose of drug importation.  (Id. at ¶ 15.)  Evidence at trial indicated that this was not Mejia's first time importing drugs into the country.  (Id. at ¶ 16.)  Mejia boasted about his familiarity with importing narcotics, and in June 2015, he met with another undercover agent posing as a port worker in South Carolina to discuss importing narcotics.  (Id; Trial Tr. at 138.)

---

[2] See Covid-19 Cases, Federal Bureau of Prisons (last updated January 14, 2021), https://www.bop.gov/coronavirus/.

Mejia's advisory Guidelines range of imprisonment was between 121 to 151 months, with a 120-month mandatory minimum.  (PSR at ¶ 75.)  However, because he was safety-valve eligible, the mandatory minimum did not apply.  (Id. at ¶ 74.)  The Court (Hon. Robert W. Sweet) sentenced him to 121-months imprisonment.  At the sentencing hearing, and in the subsequent sentencing opinion, the court noted that although Mejia had excellent family support as well as children and an elderly father who relied on him, this was not his first time importing narcotics into the country.  (Doc 86 at 10–11.)  In consideration of his conduct, and the factors identified in 18 U.S.C. § 3553(a), the Court sentenced him to 121-months imprisonment, at the lower end of the advisory Guidelines range.  Reducing Mejia's sentence to time served would have the effect of reducing the sentence by approximately 53 months.

The Court has considered the need to protect the public from further crimes of Mejia, who was repeatedly engaged in the large-scale importation of narcotics.  It has also taken account of all the other section 3553(a) factors, including the seriousness of the offense, the need for just punishment, and Mejia's history and characteristics.  The Court has also considered the time he has served in prison to date (less than half of his term of imprisonment), his medical conditions, including his thyroid cancer, hypertension, and asthma.  The Court has also considered the conditions at his BOP facility and the on-going Covid-19 pandemic.  Taking all considerations both in isolation and in combination, the Court concludes that Mejia has not demonstrated an extraordinary and compelling reason to reduce his sentence.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
　　　　January 27, 2021